■ Gus CALLINS, Respondent, v. RUBIN RITTER, Appellant.— In an action by an automobile mechanic to recover damages for personal injuries sustained when he was struck by a motor vehicle while he was standing in the center of a roadway repairing a truck which was double parked, the appeal is from a judgment entered upon the verdict of a jury in favor of respondent. Judgment affirmed, with costs. No opinion. Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: Respondent was trying to repair the truck which was double parked on a narrow street. His repair shop was on the opposite side of the street. This side was also blocked by parked motor vehicles. At the time of the accident respondent was bent over at the outer side of the truck adjacent to the middle of the roadway; he was engaged in looking underneath the truck; he was inspecting the bottom of the chassis to determine if there was a leakage of brake fluid. These facts are undisputed. The only fair inference to be drawn therefrom is that respondent was struck by appellant's vehicle as it moved through the narrow passageway between the outer side of the truck and the parked vehicles. It is incumbent upon respondent to show his freedom from contributory negligence. Such a showing is a condition precedent to his right to recover; it is an essential, substantive element of his cause of action in negligence against appellant (*Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127, 133–134). In the light of the undisputed physical facts surrounding this unfortunate occurrence, it must be held as a matter of law that respondent failed to establish his freedom from contributory negligence and that no issue of fact was raised with respect thereto. Accordingly, the complaint should be dismissed for failure of proof.

■ ERNEST J. CONWAY, Appellant, v. WALTER C. HEWITT, SR., Respondent.— In an action for money had and received, the appeal is from so much of an order as vacated a provision contained in appellant's notice of examination before trial which required respondent to produce his Federal and State income tax returns showing the cost, sale price, cost of selling and capital gains in respect to certain real property involved in the action. Order insofar as appealed from affirmed, with $10 costs and disbursements. In our opinion, the learned Special Term properly vacated the demand for the production of respondent's Federal and State income tax returns since the papers disclosed no adequate showing that the returns would reveal any fact material or necessary to the prosecution of appellant's cause of action (*Paliotto* v. *Hartman*, 2 A D 2d 866; *O'Grady* v. *Burr*, 2 A D 2d 712; *Kathleen Foley, Inc.* v. *Gulf Oil Corp.*, 3 A D 2d 928). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.